

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–484

| | |
|---|---|
| | **Opinion Delivered** October 30, 2013 |
| CLARENCE DAVID SOUTHERN<br>APPELLANT | APPEAL FROM THE MISSISSIPPI<br>COUNTY CIRCUIT COURT,<br>CHICKASAWBA DISTRICT |
| V. | [NO. CR–12–167] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BARBARA HALSEY,<br>JUDGE |
| | DISMISSED |

**WAYMOND M. BROWN, Judge**

Appellant Clarence Southern was convicted on a purported conditional guilty plea of driving while intoxicated (DWI), first offense, and no proof of insurance. He received jail credit for one day and was assessed fines and fees in the amount of $770. Southern argues that the trial court erred by denying his motion to suppress because the arresting officer did not have probable cause to stop his vehicle. Because Southern's purported conditional guilty plea did not conform with Arkansas Rule of Criminal Procedure 24.3(b),[1] we dismiss the appeal for lack of jurisdiction.

Southern filed a motion to suppress on December 3, 2012. The trial court held a suppression hearing on December 12, 2012. Trooper Brandon Bennett of the Arkansas State

_____

[1] (2012).

Police testified that he came into contact with Southern the night of February 4, 2012. Bennett stated that Southern acted suspiciously when the two of them were pulling out of separate gas stations on U.S. Highway 61. According to Bennett, Southern made eye contact with him and backed up, which caused Bennett to believe that Southern was trying to avoid him. Bennett said that he backed up and waited for Southern to pull out. Bennett then followed Southern south on Highway 61. While following Southern, Bennett stated that he noticed Southern "swerve within his lane a little bit. He was just moving back and forth slightly." Bennett said that he saw Southern fade onto the yellow line just before Highway 312. Bennett testified that he initiated a stop on Southern for failing to maintain his lane and crossing the centerline.

On cross-examination, Bennett stated that it was dark and that he really could not see if Southern was making eye contact with him or not. He said that Southern started pulling out of the Dodge Store, and when Bennett began pulling out, Southern stopped and backed up to allow Bennett to go in front of him. Bennett testified that there was nothing illegal about Southern's actions at that time to justify a traffic stop. He said that he witnessed Southern swerve within his lane, which was also not a traffic violation. Bennett said that he stopped Southern because Southern was driving on top of the centerline.

The trial court heard closing arguments from both sides. It denied Southern's suppression motion from the bench. On February 20, 2013, approximately two months after the suppression hearing, Southern entered what he asserts to be a conditional plea of guilty to DWI and no proof of insurance.

SLIP OPINION

We note that the State does not argue that Southern's attempted conditional guilty plea fails to comply with the requirements of Rule 24.3(b). However, whether a defendant has complied with Rule 24.3(b) is a jurisdictional question that this court will raise sua sponte.[2] When a defendant pleads guilty to a charge, he or she waives the right to appeal that conviction.[3] For relevant purposes before us, only a conditional plea pursuant to Rule 24.3(b) enables a defendant to retain the right to appeal an adverse suppression ruling.[4]

Rule 24.3(b) states:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, (i) to review an adverse determination of a pretrial motion to suppress seized evidence or a custodial statement.

Our supreme court has interpreted Rule 24.3(b) to require strict compliance with the requirement that the right to appeal be reserved in writing.[5] This is so even when there has been an attempt to enter a conditional plea below.[6] In addition, the writing must be contemporaneous with the defendant reserving his or her right to appeal.[7] We also look for

---

[2] *See Hill v. State*, 81 Ark. App. 178, 100 S.W.3d 84 (2003).

[3] *Id.*

[4] *Id.*

[5] *Hill, supra.*

[6] *Id.*

[7] *Id.*

an indication that the conditional plea was entered with the approval of the trial court and the consent of the prosecuting attorney.[8]

The form signed in the present case was a guilty-plea statement with the handwritten word "Conditional" appearing above it.[9] The document contains the signatures of Southern and his attorney, with a handwritten date of February 20, 2013. The court's file-stamp also reflects the same date. There is no reservation in writing of Southern's right, on appeal from the judgment, to review the trial court's denial of his motion to suppress. Additionally, there is no indication on the plea agreement that the trial court approved a conditional plea by Southern or that the prosecuting attorney consented to the plea. We do note that in the sentence and plea recommendation, the prosecutor added language that this was in fact a conditional plea, with a forthcoming appeal of the court's denial of Southern's motion to suppress. The recommendation was signed by Southern, his attorney, and the prosecuting attorney; however, it also failed to include the signature of the trial court judge. Southern failed to strictly comply with Rule 24.3(b). Therefore, we lack jurisdiction and dismiss the appeal.[10]

---

[8]*Id.*

[9]Rule 24.3 contains a form to be used when a defendant wishes to enter a conditional plea of guilty. The form sets out the specific language needed to satisfy the requirements of Rule 24.3(b). In addition to providing signature lines for the defendant and the defense attorney, the form contains signature lines for the prosecuting attorney and for the court approval.

[10]There was no written order denying Southern's motion to suppress contained in the record. Additionally, there is no transcript of the plea hearing. We do not order supplementation of the record and rebriefing because it is clear from the documents contained in the record and addendum that we lack jurisdiction to address the issue in this appeal.



Dismissed.

WALMSLEY and HIXSON, JJ., agree.

*James W. Harris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.